THE STATE OF OHIO, APPELLEE, *v.* PEEPLES, APPELLANT.

[Cite as *State v. Peeples* (1995), 73 Ohio St.3d 149.]

(No. 95–357—Submitted April 24, 1995—Decided August 16, 1995.)

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellee.

*Kavin L. Peeples, pro se.*

---

*Per Curiam.* On appeal, appellant argues that he was denied due process of law because his application for delayed reconsideration under App.R. 26(A) was considered by the court of appeals as an application to reopen pursuant to App.R. 26(B). We disagree. Since July 1, 1993, App.R. 26(B) has provided a specific remedy for claims of ineffective assistance of appellate counsel. App.R. 26(A) coupled with App.R. 14(B) is a nonspecific remedy. Moreover, both types of applications require a showing of good cause for delay in filing. *State v. Reddick* (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. As it has been almost seven years since the decision on appellant's direct appeal, good cause for delay was a requirement for consideration by the court under either procedure. Appellant failed to show good cause.

Moreover, we find that App.R. 26(B) makes no provision for filing successive applications to reopen. Accordingly, the court of appeals did not err or abuse its discretion when it summarily dismissed appellant's second application to reopen.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.