[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 149.]

THE STATE OF OHIO, APPELLEE, *v.* PEEPLES, APPELLANT.

[Cite as *State v. Peeples*, 1995-Ohio-36.]

*Appellate procedure—Successive applications for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied—App.R. 26(B) makes no provision for filing successive applications to reopen.*

(No. 95-357—Submitted April 24, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 54708.

———————————

{¶ 1} Appellant, Kavin L. Peeples, changed his plea to guilty during his trial for attempted murder. The trial court accepted the plea, found appellant guilty, and sentenced him to from eight to twenty-five years' incarceration. On direct appeal, appellant argued that the trial court had failed to ascertain that he had pled guilty voluntarily, knowingly, and intelligently. However, the court of appeals affirmed the judgment of the trial court. *State v. Peeples* (Jan. 3, 1989), Cuyahoga App. No. 54708, unreported.

{¶ 2} After several petitions for postconviction relief were filed, apparently, appellant was resentenced in 1991, because he had been sentenced to a longer minimum term than the law allowed. Although represented by counsel at the resentencing hearing, appellant filed a pro se motion to withdraw his guilty plea, which the court denied. Appellant appealed, and the court of appeals affirmed. *State v. Peeples* (Dec. 31, 1992), Cuyahoga App. No. 61544, unreported, 1992 WL 390076.

{¶ 3} Appellant then filed an application for delayed reconsideration, which the court treated as an application to reopen the appellate judgment. The appeals court denied the application, *State v. Peeples* (Aug. 24, 1994), Cuyahoga App. No.

54708, unreported, and this court affirmed. *State v. Peeples* (1994), 71 Ohio St.3d 349, 643 N.E.2d 1112.

{¶ 4} It is undisputed that on January 10, 1995, appellant filed a motion for leave to file a successive application for delayed reconsideration. The court of appeals denied the motion for leave on January 17, 1995. Appellant now appeals that decision to this court.

———————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*Kavin L. Peeples*, *pro se*.

———————————

***Per Curiam.***

{¶ 5} On appeal, appellant argues that he was denied due process of law because his application for delayed reconsideration under App. R. 26(A) was considered by the court of appeals as an application to reopen pursuant to App. R. 26(B). We disagree. Since July 1, 1993, App. R. 26(B) has provided a specific remedy for claims of ineffective assistance of appellate counsel. App. R. 26(A) coupled with App. R. 14(B) is a nonspecific remedy. Moreover, both types of applications require a showing of good cause for delay in filing. *State v. Reddick* (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. As it has been almost seven years since the decision on appellant's direct appeal, good cause for delay was a requirement for consideration by the court under either procedure. Appellant failed to show good cause.

{¶ 6} Moreover, we find that App. R.26(B) makes no provision for filing successive applications to reopen. Accordingly, the court of appeals did not err or abuse its discretion when it summarily dismissed appellant's second application to reopen.

{¶ 7} The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____