**[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 137.]**

THE STATE OF OHIO, APPELLEE, *v.* CHEREN, APPELLANT.

[Cite as *State v. Cheren*, 1995-Ohio-28.]

*Appellate procedure—Successive applications for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied—App.R. 26(B) makes no provision for filing successive applications to reopen.*

(No. 95-427—Submitted June 6, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Summit County, No. 15752.

———————————

{¶ 1} Appellant, Oles Cheren, was convicted of abduction, attempted rape and gross sexual imposition, and sentenced to incarceration. The court of appeals affirmed the conviction and sentence of the trial court. *State v. Cheren* (July 21, 1993), Summit App. No. 15752, unreported, 1993 WL 278168. According to appellant, the court of appeals denied his first application to reopen pursuant to App. R. 26(B) on September 14, 1993. A second application to reopen was denied on December 2, 1994. Appellant now appeals from the denial of his third application to reopen.

———————————

*Oles Cheren*, pro se.

———————————

*Per Curiam.*

{¶ 2} We held in *State v. Peeples* (1995), 73 Ohio St.3d 149, 652N.E.2d 717, decided today, that a prisoner has no right to file successive applications for reopening. Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation. See *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. In this case, appellant has raised two prior claims of

ineffective assistance of counsel in his prior applications to reopen. This court has already determined appellant's counsel was effective. *State v. Cheren* (1995), 73 Ohio St.3d 138, 652 N.E.2d 708, decided today. The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.

_____