[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 604.]

THE STATE OF OHIO, APPELLEE, *v*. DOLES, APPELLANT.

[Cite as *State v. Doles*, 1996-Ohio-450.]

*Appellate procedure—Successive applications for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when substantive merits of applicant's arguments were addressed in first application.*

(No. 96-134—Submitted April 30, 1996—Decided June 19, 1996)

APPEAL from the Court of Appeals for Ross County, Nos. 90CA1660 and 92CA1864.

———————————

{¶ 1} In 1990, appellant, David Doles, was convicted of gross sexual imposition and two counts of sexual battery, and sentenced to prison. Doles appealed, and the court of appeals remanded his case to the trial court for a limited inquiry. *State v. Doles* (Sept. 16, 1991), Ross App. No. 90CA1660, unreported, 1991 WL 179582, appeal dismissed (1992), 62 Ohio St.3d 1500, 583 N.E.2d 971. After the trial court concluded the inquiry, the court of appeals affirmed Doles's convictions and sentence. *State v. Doles* (Mar. 31, 1993), Ross App. No. 92CA1864, unreported, 1993 WL 97647, appeal dismissed (1993), 67 Ohio St.3d 1421, 616 N.E.2d 505.

{¶ 2} In August 1995, Doles filed with the court of appeals an application to reopen his appeal under App.R. 26(B), alleging ineffective assistance of his appellate counsel. The court of appeals denied the request to reopen on two grounds. First, "appellant's application does not include a 'sworn statement' for the basis of his claim as is required by App.R. 26(B)(2)(d)." See *State v. Lechner* (1995), 72 Ohio St.3d 374, 375, 650 N.E.2d 449, 449-450. Second, "appellant fails

to demonstrate a genuine issue as to whether he was denied effective assistance of appellate counsel."

{¶ 3} In October 1995, Doles filed another application to reopen his appeal.

{¶ 4} The court of appeals found that Doles, in his second application, argued "substantially, the same arguments as he made in his first application." Hence, the court of appeals held that it had "already addressed the substantive merits of appellant's arguments *** and the matter is now *res judicata*."

{¶ 5} The court of appeals then denied Doles's second application to reopen. Doles appeals that denial to this court.

––––––––––––––––––

*Michael M. Ater*, Ross County Assistant Prosecuting Attorney, for appellee.

*Johnston & Gleeson* and *Lorene G. Johnston,* for appellant.

––––––––––––––––––

**Per Curiam.**

{¶ 6} We affirm the judgment of the court of appeals for the reasons stated in its decision. See, also, *State v. Peeples* (1995), 73 Ohio St.3d 149, 652 N.E.2d 717; *State v. Cheren* (1995), 73 Ohio St.3d 138, 652 N.E.2d 708.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

––––––––––––––––––