[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 398.]

THE STATE OF OHIO, APPELLEE, *v.* LOOMER, APPELLANT.

[Cite as *State v. Loomer*, 1996-Ohio-59.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when inappropriate—Judgment complained about is an appeal from a motion to dismiss and not an appeal from a judgment of conviction and sentence.*

(No. 96-710—Submitted July 10, 1996—Decided August 21, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 68103.

_____

{¶ 1} In March 1994, appellant, Gerald Loomer, was indicted for the 1981 murder of Joyce Spearow. On October 4, 1994, the trial court granted Loomer's motion to dismiss on the basis of pre-indictment delay. The court of appeals reversed the trial court's dismissal and remanded the case for further proceedings. *State v. Loomer* (Sept. 28, 1995), Cuyahoga App. No. 68103, unreported, 1995 WL 572009, appeal dismissed, *State v. Loomer* (1996), 75 Ohio St. 3d 1422, 662 N.E.2d 25.

{¶ 2} While this appeal was pending here, Loomer filed an application with the court of appeals to reopen his appeal under App. R. 26(B), alleging ineffective assistance of appellate counsel. On March 6, 1996, the court of appeals denied the application for reopening on the ground, *inter alia*, that App.R. 26(B) (1) applies only to appeals "from the judgment of conviction and sentence"; therefore, the application was inappropriate.

{¶ 3} Loomer appeals that denial to this court.

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Lisa Reitz Williamson*, Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *Donald Green*, Assistant Public Defender, for appellant.

_____

***Per Curiam.***

**{¶ 4}** We affirm the judgment of the court of appeals. App.R. 26(B)(1) clearly provides that a "defendant in a criminal case may apply for reopening of the appeal from the ***judgment of conviction and sentence***, based on a claim of ineffective assistance of counsel. "(Emphasis added.)" Since the judgment that Loomer complains about was an appeal from a motion to dismiss, and not an appeal from a judgment of conviction and sentence, no basis existed under App.R. 26(B) to reopen the appeal.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____