DECISION AND JUDGMENT ENTRY
William A. Miller appeals the decision of the Ross County Court of Common Pleas dismissing his petition for post-conviction relief. He assigns the following error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITION AND MOTION FOR SUMMARY JUDGMENT THEREON BASED UPON THE INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO A CONSTITUTIONALLY DEFICIENT INVENTORY SEARCH OF THE APPELLANT'S AUTOMOBILE.
For the reasons that follow, we find appellant's argument to be meritless and affirm the judgment of the trial court.
In November, 1998, a jury convicted appellant of possession of cocaine and carrying a concealed weapon. The court sentenced him to four years for the cocaine charge and fifteen (15) months for the weapons charge, to be served consecutively. Miller filed a direct appeal, raising violations of Crim.R. 16, insufficient evidence, and ineffective assistance of counsel. We overruled appellant's assigned errors and affirmed the judgment of the trial court in State v. Miller (July 27, 1999), Ross App. No. 98 CA 2467, unreported.
Following our decision, appellant filed an application for reopening the appeal under App.R. 26(B). In his application, appellant claimed his appellate counsel was ineffective for failing to raise assignments of error pertaining to an invalid "inventory search" of his vehicle. We reviewed the application and determined that it was untimely and that the appellant had not shown good cause to justify extending the time period set forth in App.R. 26(B). After we denied appellant's application for reopening, he filed an unsuccessful appeal with the Supreme Court of Ohio.
Next, appellant filed a petition for post-conviction relief with the Ross County Court of Common Pleas. The trial court dismissed the petition as being untimely. Appellant then filed a Civ.R. 60(B) motion for relief from judgment since an error had occurred in the clerk's office causing his petition to be filed late. The trial court amended the motion to a Civ.R. 60(A) motion and denied it. Appellant filed separate appeals on these decisions by the trial court. We consolidated the appeals and concluded in State v. Miller (Aug. 31, 2000), Ross App. Nos. 99-CA2506, 00-CA2539, unreported, that appellant's filings were timely. We remanded the case to the trial court for a decision on the merits.
The trial court considered appellant's motion to set aside or vacate the sentence and his attached motion for summary judgment. The court denied the summary judgment motion and without a hearing, dismissed the petition to set aside or vacate the sentence. Appellant filed this appeal.
In his brief, appellant maintains that his counsel was ineffective by failing to suppress evidence at his trial. He argues that if counsel had filed a motion to suppress, it presumably would have succeeded, and there would have been no evidence to support his convictions. It is unclear whether appellant's argument is ineffective assistance of trial counsel for failing to file the motion to suppress or if he is claiming ineffective assistance of appellate counsel for failing to raise the error of his trial counsel. Due to the leniency that is afforded to pro se litigants, we will address each possible argument. See Besser v.Griffey (1993), 88 Ohio App.3d 379, 382, 623 N.E.2d 1326, 1328; State exrel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827,832.
We start by recognizing that we review a trial court's decision to deny a petition for post-conviction relief without a hearing under a de novo
standard of review. See State v. Parks (Nov. 23, 1998), Ross App. No. 98CA2396, unreported; State v. Howard (Aug. 11, 1997), Scioto App. No. 96CA2470, unreported. Therefore, we will conduct our own independent review of the record to determine whether appellant's petition presents substantive grounds for relief.
R.C. 2953.21 provides possible relief from a judgment or sentence for a person convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). In order to prevail, the petitioner must first establish that he has suffered an infringement or deprivation of his constitutional rights that would render the judgment void or voidable. Id.; State v. Calhoun (1999), 86 Ohio St.3d 279, 283,714 N.E.2d 905, 910. Before the trial court can grant a hearing on the petition, the court must determine "whether there are substantive grounds for relief." R.C. 2953.21(C). When making this determination, the court must consider the petition along with any supporting affidavits, documentary evidence, and all the files and records of the case. Id. If the petitioner does not set forth operative facts to establish substantive grounds for relief, the trial court should dismiss the petition without a hearing. Calhoun, supra, 86 Ohio St.3d at 282-283,714 N.E.2d at 910; State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819, 822; R.C. 2953.21(E).
In addition, the Ohio Supreme Court decided in State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, that res judicata applies in determining whether a convicted defendant is entitled to post-conviction relief. The Court stated:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. Id. at paragraph nine of the syllabus.
Therefore, any issue that could have been raised by the defendant at the trial or on direct appeal is barred by res judicata. See State v.Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131, 1133; State v.Ishmail (1981), 67 Ohio St.2d 16, 18, 423 N.E.2d 1068, 1070. However, an exception to the general rule can be asserted in cases where the petitioner is claiming ineffective assistance of counsel in a post-conviction relief proceeding. Under the exception, res judicata is not a bar to a defendant's claim of ineffective assistance of counsel in a post-conviction relief proceeding if he was represented by the same counsel at both the trial and on direct appeal. State v. Lentz (1994),70 Ohio St.3d 527, 529-530, 639 N.E.2d 784, 785; State v. Cole (1982),2 Ohio St.3d 112, 114, 443 N.E.2d 169, 171.
In this case, appellant was represented by different counsel at his trial and on his direct appeal. The direct appeal asserted ineffective assistance of trial counsel, but for different reasons than the appellant raises now. However, appellant's claim could have been raised on direct appeal because it does not rely on evidence outside of the record. But it was not. Accordingly under the rule in Perry, i.e., that any issue which could have been brought on direct appeal is not cognizable in post-conviction relief petitions, res judicata bars appellant's petition. Furthermore, since appellant was represented by different counsel at both the trial level and the appellate level, the exception noted in Lentz andCole is inapplicable. Appellant could have raised ineffective assistance of counsel for failing to file a motion to suppress on his direct appeal to this court. Since he failed to do so, and res judicata bars his claim, the trial court properly dismissed appellant's petition without a hearing.
Next, we turn to appellant's claim that his appellate counsel was ineffective for failing to raise the error of his trial counsel. "Claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21." State v. Murnahan
(1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, syllabus. Accordingly, appellant's claim of ineffective assistance of appellate counsel is not cognizable in a post-conviction relief petition. The proper procedure is to file an application for reopening under App.R. 26(B). However, appellant has already filed an application for reopening with this court. In denying his application, we found appellant had not filed the application within the time limitations set forth in App.R. 26(B). In addition, we recognized that appellant had failed to show a strong probability that a motion to suppress the evidence would have been granted had trial counsel raised the issue. In our June 14, 2000 decision, we stated:
 Assuming, arguendo, that appellant had demonstrated good cause for the untimely filing of his application to reopen, we do not believe that a colorable claim exists as to whether his appellate counsel rendered ineffective assistance of counsel.
* * *
 We would note that nothing appears in the record to indicate that the officers conducted an invalid inventory search of appellant's car. Appellant's argument that the officers failed to comply with standard inventory and impoundment policy and procedures amounts to nothing more than speculation. The only evidence before this court and the trial court indicates that the law enforcement officers complied with the department's standard procedure. Appellant has not met his burden of pointing to evidence in the record that would support suppression of the evidence discovered in his vehicle.
Nothing new has been brought to our attention that would change our decision on appellant's application for reopening. In addition, the Supreme Court of Ohio in State v. Peeples (1995), 73 Ohio St.3d 149,150, 652 N.E.2d 717, 718 recognized that there is no provision in App.R. 26(B) for successive applications to reopen. The Court has also noted that App.R. 26(B) is not an open "invitation to raise issues previously adjudicated." State v. Lechner (1995), 72 Ohio St.3d 374, 375,650 N.E.2d 449, 450. Consequently, we find that appellant is precluded from filing another application to reopen under App.R. 26(B).
We conclude that the trial court properly denied appellant's petition for post-conviction relief without a hearing. Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.