JOURNAL ENTRY AND OPINION
{¶ 1} On April 11, 2002, the applicant, DeShawn Towns, applied, pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, to reopen this court's judgment in State of Ohio v.DeShawn Towns (Nov. 3, 1997), Cuyahoga App. No. 71244, unreported, in which this court affirmed his convictions for murder and attempted murder with firearm specifications, but reversed and remanded on sentencing. For the following reasons this court denies the application sua sponte.
{¶ 2} On May 7, 1999, Mr. Towns filed his first application to reopen. This court denied that application because it was untimely; the court rejected his efforts to show good cause for difficulty in obtaining records, ignorance of the law and his counsel's uncooperativeness. Mr. Towns also failed to submit a proper supporting affidavit as required by App.R. 26(B)(2)(d). The court also rejected his sole proposed assignment of error that there was insufficient evidence to prove the element of purposely caused the death of the victim; the principle of transferred intent established that element when the evidence showed that he shot at the driver of a car but hit the passenger.
{¶ 3} Mr. Towns' second application is not well taken because there is no right to file successive applications for reopening pursuant to App.R. 26(B). State v. Richardson (1996), 74 Ohio St.3d 235,658 N.E.2d 273; State v. Cheren (1995), 73 Ohio St.3d 137, 652 N.E.2d 707;State v. Peeples (1995), 73 Ohio St.3d 149, 652 N.E.2d 717; State v.Sherrills (Sept. 18, 1997), Cuyahoga App. No. 56777, unreported, reopening disallowed, (Mar. 6, 2001), Motion No. 24318; and State v.Stewart (Nov. 19, 1998), Cuyahoga App. NO. 73255, unreported, reopening disallowed (Nov. 2, 2001), Motion No. 32159. In State v. Reddick (1995),72 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan not App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals."
{¶ 4} Additionally, the doctrine of res judicata bars consideration of Mr. Towns' second application for reopening because his new claim of ineffective assistance of appellate counsel was or could have been raised through his initial application of reopening. Stewart;State v. Phelps (Sept 30, 1996), Cuyahoga App. No. 69157, unreported, second reopening disallowed (Nov. 30, 1998), Motion No. 79992; and Statev. Brantley (June 29, 1992), Cuyahoga App. No. 62412, unreported, second reopening disallowed (May 22, 1996), Motion No. 72855.
{¶ 5} Accordingly. Mr. Towns' second application for reopening is denied.
JAMES D. SWEENEY, J. and TERRENCE O'DONNELL, J. CONCUR