JOURNAL ENTRY and OPINION
{¶ 1} On November 20, 2001, Billy Slagle, Jr., through counsel, filed a second application for reopening pursuant to App.R. 26(B). He is again attempting to reopen the appellate judgment that was rendered by this court in State v. Slagle (Jun. 14, 1990), Cuyahoga App. No. 55759. In that opinion, we affirmed defendant's convictions and sentence for aggravated murder, aggravated burglary, and aggravated robbery. On December 19, 2001, the State of Ohio, through the Cuyahoga County Prosecutor's office, filed a memorandum of law in opposition to the application for reopening. For the following reasons, we decline to reopen Slagle's original appeal.
 {¶ 2} The record indicates that Mr. Slagle, through the public defender's office, filed his first application to reopen pursuant to App.R. 26(B) on August 4, 1994. This court subsequently denied that application on September 1, 1994 finding that the application was procedurally defective, and because the arguments raised were previously addressed on direct appeal.
 {¶ 3} Mr. Slagle's second application is not well taken because there is no right to file successive applications for reopening pursuant to App.R. 26(B). State v. Richardson, 74 Ohio St.3d 235, 1996-Ohio-258,658 N.E.2d 273; State v. Cheren, 73 Ohio St.3d 137, 1995-Ohio-38,652 N.E.2d 707; State v. Peeples, 73 Ohio St.3d 149, 1995-Ohio-357,652 N.E.2d 717; State v. Towns (Nov. 3, 1997), Cuyahoga App. No. 71244, reopening disallowed, (Apr. 22, 2002), Motion No. 37343; State v.Sherrills (Sept. 18, 1997), Cuyahoga App. No. 56777, reopening disallowed, (Mar. 6, 2001), Motion No. 24318; and State v. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, reopening disallowed, (Nov. 2, 2001), Motion No. 32159. In State v. Reddick, 72 Ohio St.3d 88, 90-91,1995-Ohio-249, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals."
 {¶ 4} Furthermore, the doctrine of res judicata prohibits this court from considering Mr. Slagle's second application for reopening because his new claims of ineffective assistance of appellate counsel could have been raised in his initial application to reopen. Stewart;Fuller; State v. Phelps (Sept. 30, 1996), Cuyahoga App. No. 69157, second reopening disallowed (Nov. 30, 1998), Motion No. 79992; and State v.Brantley (June 29, 1992), Cuyahoga App. No. 62412, second reopening disallowed (May 22, 1996), Motion No. 72855.
Accordingly, Mr. Slagle's second application for reopening is denied.
JAMES J. SWEENEY, J., and TERRENCE O'DONNELL, J., CONCUR.