JOURNAL ENTRY AND OPINION
{¶ 1} Ray Perry is attempting to reopen, for the second time, the appellate judgment that was rendered in State v. Perry (May 12, 1994), Cuyahoga App. No. 65455. In that opinion, we affirmed his convictions for felonious assault, aggravated burglary and carrying a concealed weapon. For the following reasons, we deny his second application to reopen, sua sponte.
 {¶ 2} There is no right to file successive applications for reopening pursuant to App.R. 26(B).[1] Additionally, the doctrine of res judicata prohibits this court from considering Perry's second application for reopening because his new claim of ineffective assistance of appellate counsel was or could have been raised through his initial application for reopening.[2] In fact, Perry raises the same arguments as those in his original application to reopen which this court denied.[3]
 {¶ 3} Accordingly, Perry's second application for reopening is denied.
COLLEEN CONWAY COONEY, J., and DIANE KARPINSKI, J., concur.
[1] State v. Richardson (1996), 74 Ohio St.3d 235, 658 N.E.2d 273;State v. Cheren (1995), 73 Ohio St.3d 137, 652 N.E.2d 707; State v.Peeples (1995), 73 Ohio St.3d 149, 652 N.E.2d 717; State v. Sherrills
(Sept. 18, 1997), Cuyahoga App. No. 56777, reopening disallowed, (Mar. 6, 2001), Motion No. 24318.
[2] State v. Phelps (Sept. 30, 1996), Cuyahoga App. No. 69157, second reopening disallowed (Nov. 30, 1998), Motion No. 79992; State v.Brantley (June 29, 1992), Cuyahoga App. No. 62412, second reopening disallowed (May 22, 1996), Motion No. 72855.
[3] State v. Perry (Dec. 18, 1997), Cuyahoga App. No. 65455.