JOURNAL ENTRY AND OPINION
{¶ 1} On July 22, 2002, the applicant, Luis Cruz, applied, pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, to reopen this court's judgment in State of Ohio v. LuisCruz (Sept. 25, 2001), Cuyahoga App. No. 78475, in which this court affirmed his convictions and sentences for three counts of rape. For the following reasons this court denies the application sua sponte.
 {¶ 2} On December 10, 2001, Mr. Cruz filed his first application to reopen. This court denied that application because appellate counsel was not ineffective. Mr. Cruz's second application is not well taken because there is no right to file successive applications for reopening pursuant to App.R. 26(B). State v. Richardson, 74 Ohio St.3d 235,1996-Ohio-258, 658 N.E.2d 273; State v. Cheren, 73 Ohio St.3d 137,1995-Ohio-28, 652 N.E.2d 707; State v. Peeples, 73 Ohio St.3d 149,1995-Ohio-36, 652 N.E.2d 717; State v. Sherrills (Sept. 18, 1997), Cuyahoga App. No. 56777, reopening disallowed, (Mar. 6, 2001), Motion No. 24318; and State v. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, reopening disallowed (Nov. 2, 2001), Motion No. 32159. In Statev. Reddick, 72 Ohio St.3d 88, 90-91, 1995-Ohio-249, 647 N.E.2d 784, the Supreme Court
 {¶ 3} of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals."
 {¶ 4} Additionally, the doctrine of res judicata bars consideration of Mr. Cruz's second application for reopening because his new claim of ineffective assistance of appellate counsel was or could have been raised through his initial application of reopening. Stewart;State v. Phelps (Sept 30, 1996), Cuyahoga App. No. 69157, second reopening disallowed (Nov. 30, 1998), Motion No. 79992; and State v.Brantley (June 29, 1992), Cuyahoga App. No. 62412, second reopening disallowed (May 22, 1996), Motion No. 72855. Furthermore, Mr. Cruz in the second application again argues that his sentence was improper because the trial court thought that the victim was his niece, which Mr. Cruz denies. Mr. Cruz raised this issue in the first application, and this court explained why his counsel was not ineffective for not arguing the point. The issue Mr. Cruz presents is, thus, also properly barred by res judicata.
 {¶ 5} This court also notes that this second application is untimely pursuant to App.R. 26(B)(1) and (2)(b), which require that an application be filed within ninety days of the journalization of the appellate decision, unless the applicant shows good cause. Mr. Cruz makes no showing of good cause.
 {¶ 6} Accordingly, Mr. Cruz's second application for reopening is denied.
COLLEEN CONWAY COONEY, J., and DIANE KARPINSKI, J., CONCUR.