JOURNAL ENTRY AND OPINION
{¶ 1} On January 14, 2004, Joseph Huber filed a second application for reopening pursuant to App. R. 26(B). He is again attempting to reopen the appellate judgment that was rendered by this court in State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839. In that opinion, we affirmed defendant's convictions for one count of kidnapping and two counts of felonious assault, but remanded the matter to the trial court for re-sentencing. The record indicates that Huber filed his first application to reopen pursuant to App.R. 26(B) on November 8, 2002 which this court denied on June 18, 2003. State v. Huber,
Cuyahoga App. No. 80616, 2002-Ohio-5839, reopening disallowed, 2003-Ohio-3210, Motion No. 343128. The State of Ohio filed a Brief in Opposition to the Application for Reopening on February 4, 2004. For the following reasons, we decline to reopen Huber's appeal.
 {¶ 2} Huber's second application to reopen is not well taken because there is no right to file successive applications for reopening pursuant to App.R. 26(B). State v. Richardson,74 Ohio St.3d 235, 1996-Ohio-258, 658 N.E.2d 273; State v. Cheren,73 Ohio St.3d 137, 1995-Ohio-28, 652 N.E.2d 707; State v.Peeples, 73 Ohio St.3d 149, 1995-Ohio-36, 652 N.E.2d 717; Statev. Towns (Nov. 3, 1997), Cuyahoga App. No. 71244, reopening disallowed, 2002-Ohio-2018, Motion No. 37343; State v.Sherrills (Sept. 18, 1997), Cuyahoga App. No. 56777, reopening disallowed, (Mar. 6, 2001), Motion No. 24318; and State v.Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, reopening disallowed, (Nov. 2, 2001), Motion No. 32159. "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals." State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784
 {¶ 3} Furthermore, the doctrine of Res Judicata prohibits this court from considering Huber's second application for reopening because his new claims of ineffective assistance of appellate counsel could have been raised in his initial application to reopen. Stewart; Fuller; State v. Phelps
(Sept. 30, 1996), Cuyahoga App. No. 69157, second reopening disallowed (Nov. 30, 1998), Motion No. 79992; and State v.Brantley (June 29, 1992), Cuyahoga App. No. 62412, second reopening disallowed (May 22, 1996), Motion No. 72855.
 {¶ 4} Accordingly, Huber's second application for reopening is denied.
Sweeney, concurs.
 Rocco, J., concurs.