[Cite as *State v. Townsend*, 2013-Ohio-1653.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97544**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALBERT TOWNSEND

DEFENDANT-APPELLANT

---

### JUDGMENT:
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-531966
Application for Reopening
Motion No. 460015

**RELEASE DATE:**   April 19, 2013

**FOR APPELLANT**

Albert Townsend, Pro Se
Inmate No. 580-463
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH    44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary H. McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Albert Townsend has filed an application for reopening pursuant to App.R. 26(B). Through the original application for reopening, filed on November 7, 2012, Townsend is attempting to reopen the appellate judgment rendered in *State v. Townsend*, 8th Dist. No. 97544, 2012-Ohio-3452, which affirmed the trial court's denial of a postconviction motion. In addition, Townsend, through a "motion to withdraw and to supplement amend [sic] cover page of this motion filed on November 7, 2012," is attempting to reopen the appellate judgment rendered by this court in *State v. Townsend*, 8th Dist. No. 94473, 2011-Ohio-86, which affirmed his conviction and sentence for the offenses of aggravated robbery, robbery, and having weapons while under disability. For the following reasons, we decline to reopen either of the two appeals previously filed by Townsend.

{¶2} The appeal in *Townsend*, 8th Dist. No. 97544, *supra*, concerned the trial court's denial of a postconviction motion. However, an application for reopening, that is filed pursuant to App.R. 26(B), can only be employed to reopen an appeal from the judgment of conviction and sentence based upon a claim of ineffective assistance of appellate counsel. *State v. Loomer*, 76 Ohio St.3d 398, 1996-Ohio-59, 667 N.E.2d 1209; *State v. Waver*, 8th Dist. No. 97000, 2011-Ohio-6480. Since App.R. 26(B) applies only to the direct appeal of a criminal conviction and sentence, it cannot be employed to reopen an appeal that dealt with the denial of a postconviction motion.

{¶3} The appeal, in *State v. Townsend*, 8th Dist. No. 94473, *supra*, involved Townsend's conviction and sentence for the offenses of aggravated robbery, robbery, and having weapons while under disability. Townsend, however, filed a prior application for reopening, in *Townsend*, 8th Dist. No. 94473, which precludes consideration of the present application for reopening. The Supreme Court firmly established that a defendant-appellant may not file successive applications for reopening. *State v. Richardson*, 74 Ohio St.3d 235, 1996-Ohio-258, 658 N.E.2d 273; *State v. Cheren*, 73 Ohio St.3d 137, 1995-Ohio-28, 652 N.E.2d 707; *State v. Peeple*s, 73 Ohio St.3d 149, 1995-Ohio-36, 652 N.E.2d 717.

{¶4} It must also be noted, that even if the present application for reopening was Townsend's first application for reopening, the application was filed untimely. The opinion in *State v. Townsend*, 8th Dist. No. 94473, *supra*, was journalized on January 13, 2011. Townsend was required to file a timely application for reopening, within 90 days of January 13, 2011, or establish good cause for its untimely filing. Townsend did not file this application for reopening until November 7, 2012, more than 90 days after journalization of the appellate judgment that he seeks to reopen. The failure to establish good cause requires that we decline to reopen his original appeal. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252.

{¶5} Accordingly, we deny the application for reopening.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR