[Cite as *State v. Jordan*, 2014-Ohio-1943.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 06 HA 586 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| ERIC SEAN JORDAN, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Application for Reopening,
Criminal Appeal from Common Pleas
Court, Case No. 02-352-CR.


JUDGMENT:                                     Application Denied.


APPEARANCES:
For Plaintiff-Appellee:               Attorney Michael B. Washington
Prosecuting Attorney
P.O. Box 248
111 W. Warren Avenue
Cadiz, OH  43907


For Defendant-Appellant:          Eric Sean Jordan, Pro-se
#518-591
Ma.C.I.
1851 St. Rt. 56
P.O. Box 740
London, OH  43140-0740


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


Dated: April 28, 2014

PER CURIAM:

{¶1} On April 3, 2014, Appellant, Eric Sean Jordan, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Jordan*, 7th Dist. No. 06 HA 586, 2007-Ohio-3333, in which this court affirmed his convictions for various crimes stemming from the sexual assault of two minors. This is Jordan's second application pursuant to App.R. 26(B). The first timely application filed August 13, 2007, was denied on the basis that Jordan failed to demonstrate a genuine issue as to whether appellate counsel was ineffective. (Opinion and Judgment Entry dated 09/25/07.) As Jordan has not established good cause for the untimeliness of this application, this court denies the application.

{¶2} App.R. 26(B) allows a criminal defendant to challenge the constitutional effectiveness of appellate counsel by reopening the appeal. However, the rule provides that an application for reopening must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Jordan has failed to meet this deadline. Our opinion in his direct appeal was journalized on June 22, 2007. Jordan filed this second application for reopening over six years after the deadline expired. Thus, we can only review the merits of Jordan's application if he can establish good cause for his untimely filing.

{¶3} A review of his application reveals that Jordan provides no reasoning as to the untimely delay for its filing. Because Jordan has failed to establish good cause for the delay, the merits cannot be addressed and his application for reopening is denied. Further, it should be noted that even if Jordan had provided adequate reasoning justifying

the delay in filing, a prisoner has no right to file successive applications for reopening. *State v. Cheren*, 73 Ohio St.3d 137, 1995-Ohio-28, 652 N.E.2d 707. "Once ineffective assistance of counsel has been raised and adjudicated, res judicata bars its relitigation." *Id*. citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Accordingly, Jordan's application to reopen is denied.

DeGenaro, P.J., concurs.
Vukovich, J., concurs.
Donofrio, J., concurs.