[Cite as *State v. Wellington*, 2015-Ohio-2754.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 14 MA 115 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| DANIEL WELLINGTON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Appellant's Motion for Reconsideration
Pursuant to App.R. 26(A)

JUDGMENT:      Denied.

APPEARANCES:
For Plaintiff-Appellee:

Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:

Daniel Wellington, Pro Se
#641-742
P.O. Box 57
Marion, Ohio  43301

JUDGES:
Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  June 29, 2015

PER CURIAM.

**{¶1}** On June 8, 2015, Appellant Daniel Wellington ("Appellant") filed an application for reconsideration asking us to reconsider our decision to deny his April 20, 2015 application for reconsideration. For the reasons expressed below, this request is denied.

<u>Statement of the Case</u>

**{¶2}** In April 2013, Appellant was convicted of involuntary manslaughter and sentenced to 11 years. *State v. Wellington*, 7th Dist. No. 13MA90-2014-Ohio-1179, ¶ 4 ("*Wellington I*"). He appealed his sentence in *Wellington I*. We reversed the sentence because the trial court sentenced Appellant outside the allowable sentencing range. *Id*. at ¶ 6-17. The matter was remanded to the trial court for resentencing. Upon resentencing the trial court sentenced Appellant to 10 years, the maximum allowable by law. *State v. Wellington*, 7th Dist. 14MA115, 2015-Ohio-1359, ¶ 10 ("*Wellington II*").

**{¶3}** Appellant appealed that sentence in *Wellington II*. Appellant's argument in *Wellington II* was that the trial court failed to make maximum sentencing findings prior to sentencing him to a maximum sentence. *Id*. at ¶ 7. We found no merit with this argument and found that maximum sentencing findings were not required. We explained that House Bill 86 (H.B. 86) does not require maximum sentencing findings, the Ohio Supreme Court's decision in *Foster* found that maximum sentencing findings were unconstitutional and struck the portions of the felony sentencing statute that required such findings, and although a later United States Supreme Court decision may have called into question the decision in *Foster*, the General Assembly has not reenacted maximum sentencing findings. *Id*. at ¶ 15-19.

**{¶4}** Following our decision in *Wellington II*, Appellant filed an untimely application for reconsideration. *State v. Wellington*, 14MA115, 2015-Ohio-2095, ¶ 4 ("*Wellington III*"). This application was filed outside the 10 day time limit and failed to make a showing of extraordinary circumstances. *Id*. at ¶ 5-6. However, this court, in the interest of justice, still addressed Wellington's argument, which indicated that the

trial court failed to make consecutive sentencing findings and found no merit with such argument. *Id.* at ¶ 7-11.

**{¶5}** Appellant now submits an application for reconsideration of our reconsideration decision.

Analysis

**{¶6}** This application was filed within the 10 day time limit for an application for reconsideration as set forth in App.R.26(A). However, App.R. 26 does not provide for second or successive reconsiderations of our final judgment in an appeal. *State v. Dew*, 7th Dist. No. 08 MA 62, 2014-Ohio-4042, ¶ 6; *State v. Davis*, 7th Dist. No. 10 MA160 (Jan. 12, 2012 J.E.). For that reason alone the application is denied.

**{¶7}** Even if the application was permitted, the application would still fail. The controlling reason why Appellant's first application for reconsideration was denied was because it was untimely and there was no showing of extraordinary circumstances that would permit this court to consider the untimely application. *Wellington III* at ¶ 4-6. This subsequent application does not correct that deficiency. Rather, Wellington asserts that he inartfully argued his position and that what he meant to argue was the trial court was required to make maximum sentencing findings prior to sentencing him to the maximum sentence allowable by law. Since the second application does not claim extraordinary circumstances to permit this court to consider the untimely first application, our decision to deny the earlier application for reconsideration will not be reconsidered.

**{¶8}** However, even if this court were to reach the arguments now raised, this does not provide this court with a basis to reconsider its decision in *Wellington II*. The arguments Appellant is now raising are the same exact arguments that were raised in *Wellington II*. The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *State v. Phillips*, 7th Dist. Mahoning No. 14 MA 34, 2015–Ohio–69, ¶ 2, quoting *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus. The purpose of reconsideration is not to reargue

one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005–Ohio–3828, ¶ 2. The June 8, 2015 application for reconsideration is merely doing just that. Appellant's arguments are better suited to an appeal of our decision to the Ohio Supreme Court.

{¶9} Consequently, for the above stated reasons the application for reconsideration is denied.

Robb, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.