[Cite as *Miller v. Mellot*, 2020-Ohio-237.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

ALLEN B. MILLER ET AL.,

Plaintiffs-Appellants,

v.

ELBERT MELLOTT ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MO 0004**

---

Motion for Reconsideration

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Kristopher Justice,* and *Atty. Daniel Corcoran,* Theisen Brock, 424 Second Street, Marietta, Ohio 45750, for Plaintiffs- Appellants and

*Atty. Scott Eickelberger, Atty. David Tarbert,* and *Atty. Ryan Linn,* Kincaid, Taylor, & Geyer, 50 North Fourth Street, P.O. Box 1030, Zanesville, Ohio 43702, for Defendants-Appellees.

Dated: January 24, 2020

**PER CURIAM.**

{¶1} On October 9, 2019, Plaintiffs-Appellants, Allen B. Miller, Matilda J. Miller, Craig M. Miller, Tina E. Miller, Brenda D. Thomas, and Kevin M. Thomas filed a second application for reconsideration pursuant to App.R. 26(A)(1). On September 30, 2019, we granted Appellant's original application for reconsideration in order to clarify our opinion and judgment entry issued on February 6, 2019, *Miller v. Mellott,* 7th Dist. Monroe No. 18MO0004, 2019-Ohio-504, 130 N.E.3d 1021, but ultimately affirmed the trial court's dismissal of Appellants' Marketable Title Act ("MTA") claim. *Miller v. Mellott,* 7th Dist. Monroe No. 18MO0004, 2019-Ohio-4084. Defendants-Appellees, Betty Mellott, Mary Hill, Paul Hill, Kathie Hill, Marcia Phelps, Debe Owens, Lawrence Hill, Patricia Hill, Terrence Hill, Jody Hill, and Patricia Herndon, filed their opposition brief to the second application on October 17, 2019. Appellants' reply was filed on October 23, 2019.

{¶2} An application for reconsideration must call to the attention of the appellate court an obvious error in its decision or point to an issue that was raised to the court but was inadvertently either not considered at all or not fully considered. *Juhasz v. Costanzo*, 7th Dist. Mahoning No. 99-C.A.-294, 2002 WL 206417, (Feb. 1, 2002). In our September 30th judgment entry, we explained that the void in the post-severance/pre-root deed history in the record prohibited us from concluding that an exception in the root of title deed was a general reference to an interest created in a prior deed.

{¶3} We have previous recognized that App.R. 26(A) does not provide for second or successive reconsiderations of our final judgment in an appeal. *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 115, 2015-Ohio-2754, ¶ 6; *State v. Dew*, 7th Dist. Mahoning No. 08 MA 62, 2014-Ohio-4042, ¶ 6; *State v. Davis*, 7th Dist. Mahoning No. 10 MA160 (Jan. 12, 2012 J.E.). The Ohio Supreme Court reached the same conclusion with respect to successive applications to reopen under App.R. 26(B). *State v. Peeples*, 73 Ohio St.3d 149, 1995-Ohio-36, 652 N.E.2d 717 (1995). Accordingly, Appellants' second application for reconsideration is denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**