[Cite as *U.S. Bank v. Smith*, 2023-Ohio-4492.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff-Appellee,

v.

RONALD J. SMITH ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 MA 0111

---

Application for Reconsideration
Application to Reconsider Denial to Certify Conflicts
Application for En Banc Review

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. David A. Wallace* and *Atty. Karen M. Cadieux,* Carpenter Lipps & Leland LLP, for Plaintiff-Appellee U.S. Bank National Association as Trustee (No Response Filed) and

Ronald J. Smith and Nancy L. Smith, Defendants-Appellants.

Dated: December 11, 2023

**PER CURIAM.**

{¶1}    This matter is before us on three applications filed on September 29, 2023 by Appellants, Ronald J. Smith and Nancy L. Smith, acting pro se: (1) a second application for reconsideration of our previous ruling on Appellants' original application to reconsider filed pursuant to App.R. 26(A)(1); (2)  an application for en banc review filed pursuant to App.R. 26(A)(2); and (3) an application for reconsideration of our decision overruling Appellants' motion to certify conflicts filed pursuant to App.R. 26(A). No opposition brief was filed.

{¶2}    On June 12, 2023, we affirmed the decision of the Mahoning County Court of Common Pleas overruling Appellants' second motion for relief from judgment filed pursuant to Civ. R. 60(B), which challenged the distribution of the sale proceeds to U.S. Bank, National Association, successor trustee to Bank of America, National Association, successor by merger to LaSalle Bank, National Association, as trustee, on behalf of the trust of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5, in this foreclosure action.  We concluded the arguments asserted in Appellants' second motion for relief from judgment could have been raised in their original motion for relief from judgment, and as a consequence, were barred by res judicata.

{¶3}    On June 21, 2023, Appellants filed an application for reconsideration pursuant to App. R. 26(A), and a motion to certify conflicts with other appellate districts pursuant to App.R. 25.  Appellants advanced various arguments in the pleadings, but did not challenge our conclusion that the second motion for relief from judgment was procedurally barred, or assert our application of res judicata was in conflict with the decisions of other Ohio appellate courts. Accordingly, we overruled both the application for reconsideration and motion to certify conflict.

{¶4}    Undaunted, Appellants currently seek reconsideration of our decision overruling their first application for reconsideration, as well as reconsideration of our decision overruling their motion to certify conflicts.  An application for reconsideration must call to the attention of the appellate court an obvious error in its decision or point to an issue that was raised to the court but was inadvertently either not considered at all or

not fully considered. *Juhasz v. Costanzo*, 7th Dist. Mahoning No. 99-C.A.-294, 2002 WL 206417, (Feb. 7, 2002).

{¶5}  We have previously recognized App.R. 26(A) does not provide for second or successive reconsiderations of our final judgment in an appeal. *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 115, 2015-Ohio-2754, ¶ 6; *State v. Dew*, 7th Dist. Mahoning No. 08 MA 62, 2014-Ohio-4042, ¶ 6; *State v. Davis*, 7th Dist. Mahoning No. 10 MA160 (Jan. 12, 2012 J.E.). The Ohio Supreme Court reached the same conclusion with respect to successive applications to reopen under App.R. 26(B). *State v. Peeples*, 73 Ohio St.3d 149, 1995-Ohio-36, 652 N.E.2d 717 (1995). Accordingly, Appellants' second application for reconsideration of our decision on the merits is overruled.

{¶6}  With respect to the application for reconsideration on the motions to certify conflicts, an application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Chapman*, 7th Dist. Mahoning No. 20 MA 0032, 2021-Ohio-2015, ¶ 3, appeal not allowed, 164 Ohio St.3d 1406, 2021-Ohio-2742, 172 N.E.3d 176, ¶ 3.  In the application for reconsideration, Appellants simply reassert the same arguments originally advanced in the motion to certify conflict.  Accordingly, the application for reconsideration on our decision overruling the motion to certify conflicts with other appellate districts is overruled.

{¶7}  Finally, Appellants request, for the first time, en banc consideration of their appeal.  App.R. 26(A)(2)(c), reads in relevant part, "[t]he rules applicable to applications for reconsideration set forth in division (A)(1) of this rule, including the timing requirements, govern applications for en banc consideration."  App.R. 26(A)(1)(a) reads, in relevant part, "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."  Therefore, the application for en banc consideration was untimely filed.

{¶8}  Moreover, "[e]nlargement of time to file an application for reconsideration or for en banc consideration pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances." App. R. 14(B).  Appellants have not asserted

Case No. 22 MA 0111

any extraordinary circumstances in their application.  Accordingly, the application for en banc consideration is overruled.

{¶9}    For the foregoing reasons, Appellants' applications are overruled.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**