[Cite as *State v. Simmons*, 2024-Ohio-436.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL L. SIMMONS AKA MEKIYEL MEKKA SINCERE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 JE 0022**

---

Application for Reconsideration

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, and *Atty. George M. Sarap,* Assistant Prosecuting Attorney, for Plaintiff-Appellee (No Response Filed) and

Michael L. Simmons aka Mekiyel Mekka Sincere, Defendant-Appellant.

Dated: February 6, 2024

**PER CURIAM.**

{¶1} On December 4, 2023, Appellant, Michael L. Simmons, aka Mekiyel Mekka Sincere, filed his first pro se application requesting that this court reconsider our decision in *State v. Simmons*, 7th Dist. Jefferson No. 22 JE 0022, 2023-Ohio-4246, in which we affirmed his convictions for felonious assault with specifications and having weapons while under disability following a trial by jury but vacated his sentence and remanded the matter to the Jefferson County Court of Common Pleas for resentencing consistent with R.C. 2929.14(C)(4) (consecutive sentences) and R.C. 2929.19(B)(2)(c) (Reagan Tokes). Appellant argued that this court's decision affirming his convictions was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 7th Dist. Mahoning No. 17 MA 0165, 2019-Ohio-1190, ¶ 2.

{¶2} In his first application, Appellant asserted this court made an obvious error and misstated the record regarding a gun being used in his altercation with Dominique Richardson, the victim. Contrary to Appellant's assertion, the record establishes this court neither made an obvious error nor misstated the record. Upon consideration, it was apparent that Appellant did not demonstrate any obvious errors or raise any issues that

were not adequately addressed in our previous opinion. This court was not persuaded that we erred as a matter of law.

{¶3} An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens, supra,* at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant made no such demonstration. On December 21, 2023, this court denied Appellant's first pro se application for reconsideration.

{¶4} Presently before us, on January 5, 2024, Appellant filed his second pro se application for reconsideration pursuant to App.R. 26(A).

> We have previous [sic] recognized that App.R. 26(A) does not provide for second or successive reconsiderations of our final judgment in an appeal. *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 115, 2015-Ohio-2754, ¶ 6; *State v. Dew*, 7th Dist. Mahoning No. 08 MA 62, 2014-Ohio-4042, ¶ 6; *State v. Davis*, 7th Dist. Mahoning No. 10 MA160 (Jan. 12, 2012 J.E.).

*Miller v. Mellott*, 7th Dist. Monroe No. 18 MO 0004, 2020-Ohio-237, ¶ 3.

Accordingly, Appellant's second pro se application for reconsideration is hereby denied.

**JUDGE WILLIAM A. KLATT,**
**RETIRED, SITTING BY ASSIGNMENT**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**

Case No. 22 JE 0022