[Cite as *State v. Wellington*, 2014-Ohio-1179.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 90 |
| V. | ) | |
| | ) | OPINION |
| DANIEL WELLINGTON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 11CR866

JUDGMENT:                     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee         Paul Gains
                               Prosecutor
                               Ralph Rivera
                               Assistant Prosecutor
                               21 W. Boardman St., 6th Floor
                               Youngstown, Ohio 44503

For Defendant-Appellant        Attorney John A. Ams
                               134 Westchester Drive
                               Youngstown, Ohio 44515

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mar DeGenaro

Dated: March 17, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Daniel Wellington, appeals from a Mahoning County Common Pleas Court judgment sentencing him to 11 years in prison following his guilty plea to one count of involuntary manslaughter.

{¶2} On August 11, 2011, a Mahoning County Grand Jury indicted appellant on one count of murder alleging he caused the death of Doris Wellington on August 5, 2011.

{¶3} Appellant eventually pleaded guilty to involuntary manslaughter, a first-degree felony in violation of R.C. 2903.04(A)(C).

{¶4} The trial court held a sentencing hearing on April 13, 2013. It sentenced appellant to eleven years in prison.

{¶5} Appellant filed a timely notice of appeal on June 6, 2013.

{¶6} Appellant raises a single assignment of error that states:

THE TRIAL COURT ERRED WHEN IT RETROACTIVELY APPLIED REVISED CODE SECTION 2929.14, AS AMENDED BY HOUSE BILL 86, AND SENTENCED APPELLANT TO ELEVEN YEARS IN PRISON.

{¶7} Appellant argues the maximum sentence available at the time he committed the offense was ten years. Therefore, he argues the trial court could not sentence him to eleven years in prison. Appellant contends the trial court applied the wrong version of R.C. 2929.14 and, therefore, his sentence is contrary to law.

{¶8} Plaintiff-appellee, the State of Ohio, has entered a confession of judgment in this matter.

{¶9} Our review of felony sentences is a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶¶ 13-14 (O'Conner, J., plurality opinion). If the

sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17 (O'Connor, J., plurality opinion).

{¶10} The offense in this case occurred on August 5, 2011. At that time, R.C. 2929.14(A)(1), provided that for a first-degree felony, the possible prison sentences were three, four, five, six, seven, eight, nine, or ten years.

{¶11} On September 30, 2011, H.B. 86 became effective. Through H.B. 86, the Legislature amended R.C. 2929.14 and changed the possible prison sentences for felonies. The current version of R.C. 2929.14(A)(1) extended the maximum possible prison time for a first-degree felony from ten years to eleven years.

{¶12} H.B. 86 provides, in part, at Section 4:

> The amendments to sections * * * and division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section[.]

{¶13} Thus, H.B. 86 does not apply retroactively. See also, R.C. 1.58(A)(3).

{¶14} Because the trial court sentenced appellant to eleven years in prison when the maximum sentence permitted under the law at the time was ten years, appellant's sentence is contrary to law.

{¶15} Accordingly, appellant's sole assignment of error has merit.

{¶16} For the reasons stated above, appellant's sentence is hereby reversed.

**{¶17}** The matter is remanded to the trial court for resentencing utilizing the version of R.C. 2929.14(A)(1) that was in effect on the date appellant committed the offense.

Waite, J., concurs.
DeGenaro, P.J. concurs.