[Cite as *Summitcrest, Inc. v. Eric Petroleum Corp.*, 2016-Ohio-3381.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SUMMITCREST, INC. | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| CROSS-APPELLANT | ) | CASE NO. 12 CO 0055 |
| | ) | |
| VS. | ) | OPINION |
| | ) | AND |
| ERIC PETROLEUM CORP., ET AL. | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |
| CROSS-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:    Motion for Reconsideration

JUDGMENT:    Denied.

APPEARANCES:
For Plaintiff-Appellee/Cross-Appellant    Attorney Bruce Khula
Attorney Steven Friedman
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304

For   Defendant-Appellant/Cross-Appellee    Attorney Thomas Hill
Eric Petroleum Corporation    6075 Silica Road, Suite A
Austintown, Ohio 44515-1053

For Defendants-Appellants    Attorney Thomas Fusonie
Chesapeake Exploration, LLC and    52 East Gay Street
Ohio Buckeye Energy, LLC    P.O. Box 1008
Columbus, Ohio 43216-1008

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  June 13, 2016

PER CURIAM.

**{¶1}** On March 17, 2016, Appellee/Cross-Appellant Summitcrest, Inc. filed an application for reconsideration in the appeal of *Summitcrest, Inc., v. Eric Petroleum Corp.*, 7th Dist. 12 CO 0055, 2016-Ohio-888.

**{¶2}** "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus.

**{¶3}** The purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst. Inc.*, 7th Dist. No. 04 MA 0245, 2005–Ohio–3828, ¶ 2. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02 BE 0066, 2005–Ohio–1766, ¶ 16 (internal citation omitted). Nor is it "a mechanism to raise an entirely new argument and issue to the appellate court that was not raised in the appellate brief." *State v. Wellington*, 7th Dist. No. 14 MA 0115, 2015-Ohio-2095, ¶9.

**{¶4}** App.R. 26(A)(1) mandates that applications for reconsideration shall be "made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing." App.R. 26(A)(1). The three-day mail rule in App.R. 14(C) is inapplicable to applications for reconsideration. *Peters v. Tipton*, 7th Dist. No. 13 HA 10, 2015-Ohio-3307, ¶ 9.

**{¶5}** "A motion for reconsideration can be entertained even though it was filed beyond the ten-day limitation provided for by the rule if the motion raises an issue of sufficient importance to warrant entertaining it beyond the ten-day limit." *State v. Dew*, 7th Dist. No. 08MA62, 2014-Ohio-4042, ¶ 7.

**{¶6}** This Court issued its judgment entry and opinion in Summitcrest's appeal on March 4, 2016; that same day, the clerk mailed the judgment to the parties and

made a note on the docket accordingly. Summitcrest filed its application for reconsideration on March 17, 2016, three days late. It did not acknowledge this tardy filing nor provide an explanation of good cause. More importantly, there does not appear to be, nor does Summitcrest allege, an issue of sufficient importance to warrant entertaining the application beyond the ten-day limit.

**{¶7}** Rather, it appears that Summitcrest merely disagrees with this Court's decision. Briefly stated, this Court was mindful of the procedural posture of this case, an issue Summitcrest raises for the first time upon reconsideration, and did not "sua sponte" enter summary judgment in favor of EPC, as Summitcrest asserts. Rather, we concluded that, as a matter of law, the trial court erred in its interpretation of the contract, stated the correct interpretation, and accordingly reversed and remanded the matter to the trial court, *Summitcrest* at ¶ 4, as EPC's counterclaims remain pending before the trial court for resolution.  *Summitcrest* at ¶ 19.

**{¶8}** Because Summitcrest has failed to meet the requisite time frame for reconsideration, and has failed to demonstrate good cause for the untimely filing, nor raised a sufficient issue warranting consideration of its motion beyond the time limit set by the Appellate Rules, the merits of its application cannot be addressed and the application is hereby denied.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Waite, J., concurs.