[Cite as *State v. Dumas*, 2022-Ohio-3788.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

NATHANIEL DUMAS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0090**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 11-CR-429

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul Gains*, Mahoning County Prosecutor and *Atty. Edward A. Czopur,* Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Nathaniel Dumas, PRO SE, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, Defendant-Appellant.

Dated:
October 20, 2022

**Donofrio, P. J.**

{¶1}   Defendant-Appellant, Nathaniel Dumas, appeals from a Mahoning County Common Pleas Court judgment overruling his fourth delayed post-conviction relief petition.

{¶2}   On February 2, 2012, a jury found appellant guilty of felony murder in violation of R.C. 2903.02(B)(D) and aggravated robbery in violation of R.C. 2911.011(A)(1)(C), both with three-year firearm specifications. On February 3, 2012, appellant filed a pro se motion for a new trial. His counsel was ordered to file a motion for new trial and the court indicated that it would consider all assertions in the motions.

*{¶3}*   On February 6, 2012, appellant was sentenced to 15 years to life in prison for felony murder, 10 years in prison for aggravated robbery, and a three-year merged prison term for the firearm specifications. *Id.* The sentences were ordered to run consecutively, for a total of 28 years to life in prison. *Id.*

{¶4}   On February 8, 2012, appellant filed a notice of appeal to this Court.

{¶5}   The trial court denied the motions for new trial on March 8, 2012.

{¶6}   On September 2, 2014, appellant filed a motion to dismiss indictment and sought to vacate his conviction and sentence. On September 15, 2014, the trial court construed appellant's motion as a post-conviction relief petition under R.C. 2953.21, citing our caselaw in doing so. The court dismissed appellant's petition, finding that appellant had untimely filed his petition and failed to adequately explain why he had done so.

{¶7}   On May 22, 2015, appellant filed a pro se motion for leave to file a delayed petition for post-conviction relief under R.C. 2953.23. On June 5, 2015, the trial court denied the petition, as well as other motions filed by appellant.

{¶8}   On June 10, 2015, appellant filed a pro se Rule 60(B)(5) motion for relief from judgment. The court construed this filing as a motion for leave to file a delayed post-conviction petition and denied the motion on July 6, 2015.

{¶9}   On June 29, 2015, we found that appellant's assignments of error in his direct appeal lacked merit and we affirmed the trial court's conviction and sentence. *State v. Dumas*, 7th Dist. Mahoning No. 12 MA 31, 2015-Ohio-2683. Appellant appealed our decision to the Ohio Supreme Court, and that Court denied review of his delayed motion

for leave to file a delayed appeal without opinion. *State v. Dumas*, 143 Ohio St.3d 1498, 2015-Ohio-4468, 39 N.E.3d 1269 (Table).

{¶10} On July 13, 2015, appellant filed a pro se application for reconsideration under App.R. 26(B), asserting that the trial court erred in finding that no speedy trial motion was filed prior to trial. We denied appellant's motion for reconsideration, finding again that he did not file a motion to dismiss on speedy trial grounds with the trial court, and thus, there was no error in the decision.

{¶11} On June 29, 2016, we overruled an App.R. 26(B) application filed by appellant to reopen his appeal. *State v. Dumas*, 7th Dist. Mahoning No. 12 MA 0031, 2016-Ohio-4799. We also dismissed a Writ of Mandamus that appellant filed against his trial counsel, appellate counsel, the prosecutor, and the trial court judge. *Dumas v. Carfolo*, 7th Dist. Mahoning No. 15 MA 0065, 2016-Ohio-4820.

{¶12} Appellant appealed the June 5, 2015 trial court denial of his motion for leave to file a delayed petition for post-conviction relief under R.C. 2953.23.

{¶13} Appellant also filed a federal civil rights action against the Mahoning County Common Pleas Court judge who denied his post-judgment motion in his state case and against others involved in the case, but the federal court dismissed that case. *Dumas v. Christian*, N.D.Ohio No. 416CV1705, 2016 WL 4566612 (Aug. 31, 2016).

{¶14} On February 24, 2017, we affirmed the trial court's determination that the delayed post-conviction relief petition was untimely filed without adequate reason. *State v. Dumas*, 7th Dist. Mahoning No. 15 MA 0101, 2017-Ohio-731. Appellant had asserted that videotaped witness statements existed which provided evidence that a number of witnesses perjured themselves. Appellant contended that without the testimony of these witnesses, insufficient evidence existed to support his convictions. He also asserted the ineffective assistance of his trial counsel. We held that the trial court correctly found that appellant's petition for post-conviction relief was untimely filed and he provided no reasons to excuse his untimely filing pursuant to R.C. 2953.23(A)(1)(a)-(b)[1].

---

[1] We also noted in our Opinion that appellant had filed a "Rule 3 Complaint" in the federal district court on August 8, 2014. He alleged the same claims that he raised in a prior post-conviction petition. *Id.* at ¶ 8; *Dumas v. Carfolo*, N.D. Ohio 1:14CV1742. On December 22, 2014, the federal district court dismissed the action and certified that an appeal from the decision could not be taken in good faith. *Id.* On March 13, 2015, the docket sheet shows that an appeal order from the Sixth Circuit was denied. The docket sheet further shows that a writ of mandamus was filed and denied. *In re: Nathaniel Dumas*, No. 14-4181 (6th

**{¶15}** Appellant appealed our decision to the Ohio Supreme Court and on July 5, 2017, that Court declined to accept appellant's appeal for review. *State v. Dumas*, 149 Ohio St.3d 1466, 2017-Ohio-5699, 77 N.E.3d 989.

**{¶16}** On July 27, 2021, appellant filed another delayed petition for post-conviction relief in the trial court. The trial court summarily denied the petition on August 6, 2021.

**{¶17}** On September 7, 2021, appellant filed in this Court his notice of appeal of the trial court's denial of his delayed post-conviction relief petition. In his appellate brief, appellant raises six assignments of error. They are:

I.      The Trial Court Abused its Discretion When it Denied Petition Without Hearing, For it Clearly Made Out a Prima Facie Case of Actual Innocence and Errors of Constitutional Dimension.

II.      Detective Martin Violated Appellant's Fourth Amendment Right When He Used Coercive Police Activity and 'Suggestive Identification' Tactics to Manufacture Probable Cause to Arrest Appellant.

III.      The Prosecutor Acted in a Manner Inconsistent with Due Process and "Knowingly" Violated Brady & Giglio and Other Cumulative Errors.

IV.      Trial Counsel was Deficient and Had Prejudiced the Appellant When He Failed to Ask for a Continuance to Adequately Prepare for Trial, as well as Had Committed Other Cumulative Errors.

---

Cir. March 13, 2015). On September 27, 2016, the Court granted appellant's motion for return of the video evidence. The docket reflects that the video evidence was mailed to appellant on October 3, 2016.

Appellant has additional federal filings concerning the instant case. On December 29, 2014, appellant filed a pro se civil rights action pursuant to 42 U.S.C. 1983 against the assistant prosecutors in his trial, his defense counsel, the trial court judge, the subsequent judge after trial, Daryl Martin of the Youngstown Police Department, and appellant's appellate counsel. *Dumas v. Carfolo*, N.D. Ohio 4:14CV2828.That case was dismissed. *Id.*

We further note that appellant had also filed a federal writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Northern District Court of Ohio. *Dumas v. Hooks*, N.D. Ohio Case No. 4:16CV1871, 2019 WL 4058945 (N.D. Ohio Aug. 28, 2019). On August 28, 2019, that Court dismissed the federal habeas corpus petition based upon procedural default. Id. Appellant filed an appeal of the dismissal of his federal habeas corpus petition to the Sixth Circuit Court of Appeals, but on March 27, 2020, that Court dismissed his appeal as untimely filed. *Dumas v. Harris*, 6th Cir. Case No. 20-3076, 2020 WL 4007073 (Mar. 27, 2020).

V.  Once Thomas and Martin's Testimonies Are Excluded, Then There is Insufficient Evidence for Conviction to Stand, as a Matter of Law, and Appellant's Rule 29 Motion for Aquittal[sic] Should Be Granted.

VI.  The Jury's Verdict On all Counts Was Against the Manifest Weight of the Evidence.

{¶18}  A petitioner must file his post-conviction relief petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

{¶19}  If we construe each of the filings that the trial court construed as post-conviction relief petitions, this appears to be appellant's fourth post-conviction relief petition. In this case, the transcript was filed in appellant's direct appeal on June 14, 2012. Appellant did not file this post-conviction relief petition until July 27, 2021. Thus, this post-conviction relief petition is filed well after the filing of the transcripts in appellant's direct appeal.

{¶20}  The requirement that a post-conviction relief petition be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

{¶21}  If a post-conviction relief petition is filed beyond the time limitation or the petition is a second or successive petition for post-conviction relief, R.C. 2953.23(A)(1)(a) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

Case No. 21 MA 0090

**{¶22}** Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for post-conviction relief. *State v. Carter*, 2d Dist. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

**{¶23}** Appellant's post-conviction relief petition was clearly untimely and successive. Thus, the trial court was without jurisdiction to entertain it unless appellant demonstrated one of the two alternatives set out in R.C. 2953.23(A)(1)(a).

**{¶24}** Appellant has not claimed that the United States Supreme Court has recognized a new right that applies retroactively to him.

**{¶25}** Nor has appellant asserted that he was unavoidably prevented from discovering the facts upon which his claim for relief is based. Rather, appellant alleges misconduct and error by the prosecution, conspiracy, conflict of interest and ineffectiveness of his trial counsel, and misconduct by the trial court. He claims that the prosecution and its witnesses, including Detective Martin of the Youngstown Police Department, covered up his wrongful investigation, prosecution, conviction and incarceration in this case. He alleges that the prosecution lacked direct evidence involving him in the crime, "so they had to fix their case to where Detective Martin is on video using coercive police activity and 'suggestive identification' tactics on" their main witness, James Thomas. He contends that the prosecution "tampered" with Mr. Thomas so he gave false testimony at appellant's trial and falsely planted appellant on the scene when the crime occurred. Appellant further complains that the prosecution intentionally failed to give him the bill of particulars requested before trial, committed fraud by failing to hand over an alleged third statement given by James Thomas and suborned Thomas' false testimony at trial. He also alleges that the prosecution knowingly breached its plea agreement with James Thomas because Thomas testified falsely when his plea agreement required him to testify truthfully.

**{¶26}** Appellant additionally alleges that his defense counsel conspired with the prosecution as to the false testimony, had conflicts of interest with appellant, and was ineffective in numerous ways. He also alleges that the trial court denied him due process by removing him from his trial, the lack of sufficient evidence if the testimonies of Detective

Martin and James Thomas are removed, and that the evidence left is against the manifest weight of the evidence. He further alleges cumulative error.

{¶27}   In his "response brief," appellant asserts his actual innocence and alleges that he overcomes any procedural bar for us to consider his appeal because it "would have been highly impossible to fully litigate and fully demonstrate" his assignments of error. He submits that the evidence that he presents de hors the record strengthens his defense and undermines the prosecution's case, which weakens confidence in the jury verdict. Appellant concludes that "rarely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire and circumstantial evidence may provide adequate proof of conspiracy." He states that evidence de hors the record in his case clearly demonstrates that the Youngstown police detective, the assistant prosecutors, his trial and appellate counsel, and the judge "agreed among themselves and with others to act in concert in order to deprive" him of his constitutional rights.

{¶28}   Appellant presents in his brief 35 pages of allegations, six assignments of error, and an accompanying 17-Page affidavit and exhibits. He also filed a 10-page "response brief." However, in none of these filings does appellant establish how or why he was unavoidably prevented from discovering the facts upon which his claim for relief is based. Consequently, appellant's petition was untimely, successive, and does not fall under one of the exceptions. Thus, his assignments of error are rendered moot and are overruled.

{¶29}   Accordingly, we affirm the trial court's summary denial of appellant's fourth post-conviction relief petition.


Waite, J., concurs.

Robb, J., concurs.


Case No. 21 MA 0090

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**