[Cite as *State v. Dumas*, 2023-Ohio-1064.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

NATHANIEL DUMAS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0090**

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges

---

**JUDGMENT:**
Overruled.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor, and *Atty. Edward A. Czopur*, Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Nathaniel Dumas, *Pro se,* Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, Defendant-Appellant.

Dated: March 30, 2023

**PER CURIAM.**

{¶1}     On November 7, 2022, Defendant-Appellant, Nathaniel Dumas, filed an application for reconsideration pursuant to App.R. 26(A). For the following reasons, we overrule his application.

{¶2}     On October 20, 2022, this Court affirmed the trial court's denial of Appellant's fourth post-conviction relief petition. *See State v. Dumas*, 7th Dist. Mahoning No. 21 MA 0090, 2022-Ohio-3788. All of Appellant's prior filings concern challenges to his February 2, 2012 convictions for felony murder and aggravated robbery with a firearm specification for which he was sentenced to a total of 28 years to life in prison. See *State v. Dumas*, Mahoning County Court of Common Pleas No. 11-CR-429. Since that time, he has filed a slew of motions, appeals, and post-conviction relief petitions. He recently filed an App. R. 26(B) delayed application for reopening his conviction on November 17, 2022. On January 30, 2023, we overruled this application based on res judicata, explaining that we had already determined that Appellant's counsel was effective on direct appeal. *See State v. Dumas*, 7th Dist. Mahoning No. 12 MA 0031, 2023-Ohio-270, ¶ 2.

{¶3}     In the instant App.R. 26(A) application, Appellant alleges the following as errors in our October 20, 2022 decision:

1. IT WAS AN OBVIOUS ERROR THAT DETECTIVE MARTIN LACKED PROBABLE CAUSE TO ARREST APPELLANT; THE COMPLAINT WAS INVALID; AND THE TRIAL COURT LACKED SUBJECT-MATTER JURISDICTION: IN VIOLATION OF APPELLANT'S FOURTH AND FOURTEENTH AMENDMENT RIGHT TO THE U.S. CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

   a. THE COMPLAINT IN THIS CASE WAS INVALID AND SUCH FOUNDATION-LESS CONCLUSIONS STATED THEREIN DID NOT PROVIDE SUFFICIENT INFORMATION TO SUPPORT AN INDEPENDENT PROBABLE CAUSE JUDGMENT UNDER THE WARRANT CLAUSE.

b. THE APPELLANT HAS DEMONSTRATED THAT THE TRIAL COURT HAD A LACK OF SUBJECT-MATTER JURISDICTION; AND SUBJECT-MATTER JURISDICTION CAN BE CHALLENGED AT ANY TIME, AND CANNOT BE WAIVED. THIS COURT MUST CONSIDER THIS FOURTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL VIOLATION, EVEN IN AN UNTIMELY POST-CONVICTION.

**{¶4}** Appellant asserts that we overlooked an "obvious error" concerning his allegation that his Fourth Amendment rights were violated when Detective Martin filed a Rule 4 complaint/warrant with no substantial grounds for probable cause to arrest him. Appellant contends that the complaint lacked operative facts to establish the foundation of the crimes listed in the complaint and no affidavit accompanied the complaint. He submits that the municipal clerk issued the complaint and arrest warrant without a supporting affidavit and lacked probable cause to issue the warrant. He contends that the trial court therefore lacked subject matter jurisdiction to determine his criminal case. Appellant asserts that he can challenge jurisdiction at any time and we must consider this assertion, even in an untimely post-conviction petition.

**{¶5}** App.R. 26(A)(1) provides that:

(A) Application for Reconsideration and En Banc Consideration.

(1) Reconsideration.

(a) Application for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A).

**{¶6}** App.R. 30(A) sets forth the duties of clerks and provides that:

(A) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment, the clerk shall serve by mail a notice of entry upon each party to the proceeding and shall make a note in the docket of the mailing. Service on a party represented by counsel shall be made on counsel.

{¶7}   Here, the docket shows that the Clerk of Courts sent our October 20, 2022 Opinion and Judgment Entry to Appellant by regular mail on the same date as the Opinion. The Clerk of Courts noted the service by mail on the docket on that date.

{¶8}   According to App.R. 14(A), the October 20, 2022 date of the Opinion and Judgment Entry do not count toward the timeliness calculation. Thus, Appellant's time for filing the instant application began on October 21, 2022. Appellant therefore had until October 31, 2022 in which to file his App.R. 26(A) application. The actual due date is October 30, 2022, but that date was a Sunday, so pursuant to App.R.14(a), Appellant had until October 31, 2022 to file his application. Further, even if we added three days for service by mail under App.R. 14(C), which we have held does not apply, Appellant's application would have had to be filed by November 3, 2022. *See State v. Panezich,* 7th Dist. Mahoning No. 2018-Ohio-3974, ¶ 2, citing *Summitcrest, Inc. v. Eric Petroleum Corp.*, 7th Dist. Columbiana No. 12 CO 0055, 2016-Ohio-3381, ¶ 4 (citing *Peters v. Tipton*, 7th Dist. Harrison No. 13 HA 10, 2015–Ohio–3307, ¶ 9).

{¶9}   Appellant filed the instant App.R. 26(A) application on November 7, 2022. Appellant's App.R. 26(A) application is therefore untimely.

{¶10}   App.R. 14(B) provides that a delayed application for reconsideration is permitted if the moving party can establish "extraordinary circumstances." App.R. 14(B). In evaluating whether extraordinary circumstances exist, we consider the reasons for the delay in filing and the reasons for the App.R. 26(A) application.   Appellant presents no reason for untimely filing the instant application. Rather, he reiterates that we failed to address the invalidity of Detective Martin's complaint and arrest warrant and the lack of probable cause and supporting affidavit in filing the complaint. He asserts that the Youngstown Municipal Court Clerk issued his arrest warrant without the affidavit and the "sole evidence" before the Clerk was "Detective Martin's bare conclusions." He submits that Mahoning County has 6,747 defective arrest warrants per year and the warrants are

Case No. 21 MA 0090

"rubber-stamped" as a matter of course. He further asserts that he recently heard negative comments about Detective Martin that support his assertions.

**{¶11}** "In order to prevail on an application for reconsideration, an Appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered." *State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2018-Ohio-860, ¶ 12. It is not a chance to present a new argument to the appellate court. *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 0115, 2015-Ohio-2095, ¶ 9.

**{¶12}** We find that Appellant fails to present extraordinary circumstances. Appellant is challenging our prior decision, which was based upon Appellant's untimely and successive filing of a delayed post-conviction relief petition. Accordingly, occurrences in the Youngstown Municipal Court have no relevance to the decision upon which Appellant bases his current appeal.

**{¶13}** Further, even if we consider Appellant's argument, his assertions are without merit. While Appellant was originally charged in Youngstown Municipal Court and was arraigned there in Case Number 11CRA00720Y, these charges were dismissed on April 25, 2011, and Appellant was indicted in the Mahoning County Common Pleas Court in Case Number 11 CR 429 on those charges. He was thereafter arraigned in Mahoning County Common Pleas Court and, with counsel, waived any defect in time or manner of service of the indictment. Accordingly, Appellant's assertions lack merit and do not constitute extraordinary circumstances under App.R. 14(B).

**{¶14}** Accordingly, we overrule Appellant's untimely App.R. 26(A) application.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**