[Cite as *State v. Reese*, 2025-Ohio-1914.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0092**

---

Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kristie M. Weibling*, Assistant Prosecutor, for Plaintiff-Appellee

Lamar Reese*, Pro se*, Defendant-Appellant

Dated:  May 21, 2025

**PER CURIAM.**

{¶1} On April 30, 2025, Appellant Lamar Reese filed a pro se motion for reconsideration under App.R. 26(A). Our opinion in this matter was filed on April 15, 2025. A copy was sent to Appellant and was noted on the docket of the clerk of courts on April 16, 2025. App.R. 26(A)(1)(a) requires a motion for reconsideration to be filed "no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing . . ." Appellant's motion is untimely and is hereby dismissed.

{¶2} Even if we could accept the motion for reconsideration, it would be overruled. "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68 (1987), paragraph one of the syllabus. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1997).

{¶3} This appeal involved the dismissal of Appellant's second petition for postconviction relief. The petition was filed nine years after the expiration of the time provided in R.C. 2953.21(A)(2)(a). Appellant claimed that the petition should have been accepted because he was unavoidably prevented from discovering medical records needed to support the petition. Ultimately Appellant sought to show that he should not have been given a lie detector test prior to trial because he was mentally ill. We rejected

Case No. 24 MA 0092

this argument on jurisdictional as well as res judicata grounds. We noted that Appellant was not unavoidably prevented from obtaining the medical records used to support his position because he was represented by counsel prior to filing his first petition for postconviction relief, and because Appellant himself acknowledged that counsel could have obtained the records. We rejected the petition on res judicata grounds because Appellant had already raised the polygraph matter in his first petition for postconviction relief and then abandoned the argument on appeal. Appellant simply disagrees with our reasoning for affirming the trial court judgment. This is not a basis for granting reconsideration.

{¶4} Appellant's motion for reconsideration is hereby dismissed as it is untimely filed. Appellant has also failed to point out any obvious error in our opinion, or bring to our attention any issue that we failed to consider or did not fully consider fully.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 24 MA 0092