[Cite as *State v. Reese*, 2025-Ohio-2963.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0092

---

Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kristie M. Weibling*, Assistant Prosecutor, for Plaintiff-Appellee

Lamar Reese*, Pro se*, Defendant-Appellant

Dated: August 18, 2025

**PER CURIAM.**

{¶1}   On June 2, 2025, Appellant Lamar Reese filed a pro se motion for leave to file an application for reconsideration under App.R. 26(A), along with a second application for reconsideration.  Appellant had previously filed an application for reconsideration on April 30, 2025.  Our opinion in this matter was filed on April 15, 2025, and a copy was sent to Appellant as noted on the docket of the clerk of courts on April 16, 2025.  App.R. 26(A)(1)(a) requires an application for reconsideration to be filed "no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing . . ."  Appellant's first application for reconsideration was untimely filed and we dismissed it on May 21, 2025.

{¶2}   In Appellant's motion for leave, he argues that he used regular mail to send the first application for reconsideration to the clerk of courts' office on April 22, 2025.  He contends it should have been filed by the clerk by the ten-day deadline.  App.R. 14(B) allows us to accept an untimely filed motion for reconsideration upon "a showing of extraordinary circumstances."  Appellant has not provided any proof as to when he mailed the application.  Even if we accepted Appellant's assertion about the date on which he mailed the application, it does not seem particularly extraordinary that a piece of regular mail took longer than three days to reach the clerk's office.

{¶3}   Appellee filed a motion to dismiss Appellant's current motion for leave on the grounds that Appellant is relying on the same grounds that he raised earlier, and that we directly addressed and rejected these grounds in our prior Per Curiam Opinion.  We agree with Appellee.  Second or successive applications for reconsideration are not permitted under App.R. 26(A).  *State v. Simmons*, 2024-Ohio-436, ¶ 4 (7th Dist.).  In our

dismissal entry of Appellant's previous application for reconsideration we addressed, in the alternative, the merits of the application. We noted that: "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68 (1987), paragraph one of the syllabus. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1997).

**{¶4}** We held that "[e]ven if we could accept the motion for reconsideration, it would be overruled." *State v. Reese*, 2025-Ohio-1914, ¶ 2 (7th Dist.). Appellant relies on the same grounds in his second application for reconsideration that he raised in the first. He continues to assert he was unavoidably prevented from obtaining medical records that could have shown he should not have been given a lie detector test at trial. We disagreed in our opinion in Appellant's underlying appeal and in our denial of Appellant's first request for reconsideration. The ruling that Appellant asks us to reconsider is our affirmation of the trial court's decision to overrule a second petition for postconviction relief. We affirmed the trial court judgment on jurisdictional grounds as well as on the principle of res judicata. It is clear that Appellant continues to disagree with our reasoning for affirming the trial court judgment, but mere disagreement with our reasoning is not a basis for granting reconsideration.

**{¶5}** On June 24, 2025, Appellant filed a response to the state's motion to dismiss, again reasserting the same grounds for reconsideration. This response, in

essence, was Appellant's third application for reconsideration on the same grounds, which is not permitted under App.R 26(A).

{¶6} Appellant's June 2, 2025 motion for leave to file an application for reconsideration is overruled. His second application for reconsideration is dismissed. Appellant's additional filings of June 24, 2025 are denied.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 24 MA 0092