[Cite as *State v. Haslam*, 2025-Ohio-5207.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSHUA DALE HASLAM,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 BE 0019

---

Delayed Application for Reconsideration
Motion For Leave to Accept the Application

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Application Dismissed.
Motion for Leave Denied.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecutor, for Plaintiff-Appellee

Joshua Dale Haslam, Pro se, Defendant-Appellant

Dated: November 10, 2025

**PER CURIAM.**

{¶1}  On September 17, 2025, Appellant Joshua Dale Haslam filed a delayed application for reconsideration of our May 16, 2025 Per Curiam Opinion denying his application to reopen his appeal.  He also filed a motion for leave to accept the application.  App.R. 26(A)(1)(a) requires an application for reconsideration to be filed "no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing . . ."  Appellant's application was untimely by nearly four months, thus necessitating the motion for leave.

{¶2}  App.R. 14(B) allows us to accept an untimely filed application for reconsideration upon "a showing of extraordinary circumstances."  Appellant contends that, while our Opinion was mailed on May 16, 2025, he did not receive our Opinion denying his application for reopening until May 28, 2025 because he was incarcerated and because the Opinion was treated as ordinary mail within the prison system.  Appellant believes that by the time he received the Opinion he was already beyond the date for which an application for reconsideration must be filed.  He hired an attorney on June 26, 2025 to investigate the matter, and claims that on July 24, 2025 counsel began to search for records as to when the Ohio Department of Rehabilitation and Corrections (ODRC) received the Opinion.  Based on an attachment to Appellant's motion for leave, it appears that counsel began communicating with the Belmont Correctional Institution on August 8, 2025 and later with ODRC on September 3, 2025.  Appellant contends that on September 11, 2025, counsel received notice from ODRC that the Opinion did not have a control number attached to it when it was received and was treated as ordinary mail.  He asserts

that mail with no control number is not tracked, so there is no record as to the date it was received. Appellant urges his late receipt of the Opinion and the delay caused by the exchanges between counsel, Belmont Correctional Institution, and ODRC, constitute extraordinary circumstances.

**{¶3}** Appellee responds that the date Appellant assumes was the deadline for filing the application, May 26, 2025, is incorrect. Due to the three-day mail rule found in App.R. 14(C), three days were added to the time Appellant had to file his application, making the deadline May 29, 2025. However, our Opinion was filed on May 16, 2025 and was noted on the docket. App.R. 26(A)(1)(a) allows ten days to file an application for reconsideration. We have held on more than one occasion that the three-day mail rule contained in App.R. 14(C) does not apply to applications for reconsideration and does not provide for additional time within which to file the application. *State v. Panezich*, 2018-Ohio-3974, ¶ 2 (7th Dist.); *Summitcrest, Inc. v. Eric Petroleum Corp.*, 2016-Ohio-3381, ¶ 4 (7th Dist.); *Peters v. Tipton*, 2015-Ohio-3307, ¶ 9 (7th Dist.).

**{¶4}** If Appellant received our Opinion on May 28, 2025, he is correct that this date was already beyond the filing deadline of May 27, 2025 (May 26, 2025 was a holiday and the application was due the next business day). Nevertheless, if we were to accept Appellant's arguments, here, we would essentially be holding that there is no 10-day deadline for filing an application for reconsideration when the opinion, judgment, decision, or order in question was served by ordinary mail to a prison. This is especially true as Appellant admits his actions on receipt of the Opinion were extremely dilatory.

**{¶5}** A court order being sent by ordinary mail to prison is not an extraordinary circumstance. It is normally how our orders are served on inmates who are not

represented by counsel. App.R. 22, 30. We recently held that it was not an extraordinary circumstance that mail sent from prison took more than three days to arrive at the clerk of court's office. *State v. Reese*, 2025-Ohio-2963, ¶ 2 (7th Dist.). We are faced with a similar situation, here. The Rules of Appellate Procedure dictate how long a party has to file an application for reconsideration and how service of our orders and judgments is made on parties. While Appellant believes his circumstances, here, were extraordinary, he does not and cannot satisfactorily explain the lengthy delay in filing. Appellant admits that he waited a month after he received our Opinion to seek out an attorney, and then the attorney waited a month to begin inquiring about how the prison mail system works. Neither the actions of Appellant or his lawyer appear to have treated the situation as urgent or extraordinary. Perhaps if Appellant or counsel had immediately filed his motion for leave to file we could more easily be persuaded that Appellant understood the gravity of the situation, but it appears that both Appellant and counsel thought they had an unlimited amount of time in which to file the application for reconsideration once the initial deadline for filing had passed. Under these facts, the dilatory nature of Appellant's actions lead us to decide there were no extraordinary circumstances preventing a more timely filing in this matter.

{¶6} Even if the motion had been timely, Appellant's argument for reconsideration would be overruled. "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68 (1987), paragraph one of the syllabus.

However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1997).

{¶7} Appellant seeks for us to reconsider our denial of his application for reopening. In that filing, Appellant offered eight proposed assignments of error that he contended his appellate counsel should have raised on direct appeal. Appellant would like to us reconsider our decision as to proposed assignment of error number six, which stated that the trial court improperly sentenced him for first degree felonies of possession of fentanyl and aggravated trafficking in methamphetamine. Appellant again urges that he should only have been sentenced for felonies of third degree, because the verdict form did not specify the degree of the offense or that additional elements were present to justify a conviction on a first degree felony. Appellant cited R.C. 2945.75 in support.

{¶8} As we stated in our Opinion, R.C. 2945.75 only applies when a jury must find additional elements outside the indictment to increase the degree of the offense. Appellant neither cited nor challenged the content of his indictment, and did not attach the verdict forms to his application for reopening. The jury found Appellant guilty of the offenses specified in Count II and Count III of the indictment. When a jury finds a defendant guilty of the count as stated in the indictment, the verdict presumes that the jury made the findings necessary to support that count. *State v. Eafford*, 2012-Ohio-2224, ¶ 17. In *Eafford*, the defendant argued the jury only found him guilty of possession of drugs (a misdemeanor), rather than specifically of possession of cocaine (a felony).

Although the verdict form did mention "possession of drugs," it specifically stated that the jury found Eafford guilty as charged in Count Two of the indictment. The court held "when the jury found Eafford guilty *as charged in Count Two of the indictment*, its finding necessarily related to possession of cocaine." (Emphasis in original.) *Id.*

{¶9} It is clear that in Appellant's application for reconsideration he merely disagrees with our analysis and conclusion. This is not a basis on which to grant reconsideration. Thus, even if we were to accept his late application for reconsideration, we would not grant Appellant's relief.

{¶10} Appellant's motion for leave to file a delayed application for reconsideration is denied, and the delayed application is hereby dismissed.


**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**


**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**


<u>Case No. 24 BE 0019</u>